IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ROBERT JACQUET BONO, §<br>Petitioner, §<br>§<br>v. §<br>§<br>NATHANIEL QUARTERMAN, Director, §<br>Texas Department of Criminal Justice, §<br>Correctional Institutions Division, §<br>Respondent. § | Civil Action No. 4:07-CV-725-Y |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Robert Jacquet Bono, TDCJ # 1002447, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in New Boston, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

#### C. FACTUAL AND PROCEDURE HISTORY

On August 30, 2000, a jury found Bono guilty of aggravated sexual assault of B.S and A.S.,

both children under 14 years of age, in Case Nos. 0747559D and 0747560D in the 372nd District Court of Tarrant County, Texas. (1Clerk's R. at 37; 2Clerk's R. at 37)[1] On September 1, 2000, the state trial court assessed his punishment at sixty years' confinement in each case, the sentences to run consecutively. The Second District Court of Appeals of Texas affirmed the trial court's judgments on the jury verdict on September 20, 2001, and the Texas Court of Criminal Appeals refused his petitions for discretionary review on February 20, 2002. *Bono v. Texas*, No. 2-00-376-CR & 2-00-377-CR, slip op. (Tex. App.–Fort Worth Sept. 20, 2001) (not designated for publication); *Bono v. Texas*, PDR Nos. 2304-01 & 2305-01. Bono did not seek writ of certiorari; thus, his conviction became final under state law on May 21, 2002, 90 days after his petitions for discretionary review were refused. *See id.* § 2244(d)(1)(A); *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998); SUP. CT. R. 13.1. Nor did he seek state postconviction habeas relief. (Petition at 3) He filed this federal petition on October 7, 2007.[2] *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding pro se habeas petition filed when petition is delivered to prison authorities for mailing). As directed, Quarterman has filed a preliminary response addressing only the timeliness of the petition, to which Bono did not respond.[3]

D. ISSUES

Bono raises three grounds for habeas relief.

---

[1] "1Clerk's R." refers to the state trial court clerk's record in case no. 0747559D; "2Clerk's R." refers to the state trial court clerk's record in case no. 0747560D.

[2] It is unclear from his petition whether Bono attacks both of his convictions and/or sentences in this action. For purposes of these Findings, Conclusions and Recommendation, it is assumed that he intended to do so.

[3] After Quarterman filed his preliminary response, Bono did file several notarized statements from his parents, however the statements are not relevant to the timeliness of his petition. (docket entry #13)

2

E. STATUTE OF LIMITATIONS

28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Specifically, §2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (d)(1)(A), applicable to this case, Bono's convictions became final and the one-year limitations period began to run on May 21, 2002, and expired one year later on May 21, 2003, absent any applicable tolling. He is not entitled to statutory tolling under § 2244(d)(2) because he did not file a state postconviction application(s) for habeas relief. Nor has he asserted a valid reason for his failure to file his petition in a timely manner to justify equitable tolling of the

limitations period, and the record reveals none. Thus, he is not entitled to equitable tolling, which is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Absent tolling, Bono's federal petition was due on or before May 21, 2003. His petition filed on October 7, 2007, over four years later, is untimely.

## II. RECOMMENDATION

Quarterman's motion to dismiss should be granted and Bono's petition for writ of habeas corpus DISMISSED with prejudice as time-barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until July 17, 2008. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th

Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until July 17, 2008, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED June 26, 2008.

    /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE